J-S12007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DUSTIN PAUL BAILEY | : | |
| | : | No. 1685 MDA 2017 |
| Appellant | : | |

Appeal from the PCRA Order September 27, 2017
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0001077-2011

BEFORE: LAZARUS, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 07, 2018**

Dustin Paul Bailey appeals from the order, entered in the Court of Common Pleas of Franklin County, dismissing his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA"). Upon review, we affirm.

On December 12, 2012, Bailey was convicted of one count each of simple assault and aggravated assault stemming from an altercation in which he slammed his victim into a toilet, with force sufficient to break the toilet, and punched his victim multiple times. On January 30, 2013, Bailey was sentenced to a term of 6 to 12 years' incarceration. By memorandum decision dated April 14, 2014, this Court affirmed Bailey's judgment of sentence. ***See Commonwealth v. Bailey***, 1078 MDA 2013 (Pa. Super. filed Apr. 14, 2014)

(unpublished memorandum). Bailey did not file a petition of allowance of appeal to our Supreme Court.

On September 8, 2014, Bailey filed a timely first PCRA petition. Bailey filed a counseled amended petition, an addendum thereto, and briefs in support of his petition. After a hearing, the PCRA court denied relief by order dated November 20, 2015, which was affirmed by this Court. **See Commonwealth v. Bailey**, 2125 MDA 2015 (Pa. Super. filed Dec. 30, 2016) (unpublished memorandum).

Bailey filed the instant petition, his second, on February 3, 2017, followed by two addendums by leave of court. After considering Bailey's pleadings, and those filed in response by the Commonwealth, the PCRA court issued an order denying relief on July 19, 2017. However, on August 8, 2017, the court, noting that it had not previously given notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907, issued a Rule 907 notice and granted Bailey an opportunity to respond, which he did on August 21, 2017. On September 27, 2017, the court entered an order dismissing Bailey's petition. This timely appeal follows, in which he challenges the PCRA court's denial of his **Brady**[1] claim without a hearing. He is entitled to no relief.

We begin by noting our well-settled standard of review:

> On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. Our scope of review is limited to the findings of the PCRA court and

---

[1] **Brady v. Maryland**, 373 U.S. 83 (1963).

the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

Additionally, courts will not entertain a second or subsequent request for PCRA relief unless the petitioner makes a strong *prima facie* showing that a miscarriage of justice may have occurred. Appellant makes a *prima facie* showing of entitlement to relief only if he demonstrates either that the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent of the crimes for which he was charged.

*Commonwealth v. Medina*, 92 A.3d 1210, 1214–15 (Pa. Super. 2014) (citations, quotation marks, and brackets omitted).

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Lewis*, 63 A.3d 1274, 1280–81 (Pa. Super. 2013), quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) ("[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims."). Generally, a PCRA petition, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition[2]

_____

[2] The statutory exceptions to the time bar are as follows:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

is met, and that the claim was raised within 60 days of the date on which it became available. 42 Pa.C.S.A. § 9545(b) and (c). Here, Bailey's judgment of sentence became final on or about May 14, 2014, when the time for filing a petition for allowance of appeal to our Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113(a). Thus, his February 2017 petition, filed almost 3 years after his judgment of sentence became final, was patently untimely. Unless Bailey pled and proved one of the timeliness exceptions under 42 Pa.C.S.A. § 9545(b)(1), the PCRA court was without jurisdiction to consider the merits of the petition.

In his PCRA petition, Bailey references sections 9545(b)(1)(i) and (ii) of the PCRA, which are the "governmental interference" and "newly discovered facts" exceptions to the time bar. However, Bailey's claims are based on purported *Brady* material that was actually disclosed to him prior to trial. *See* Motion in Limine to Preclude Mentioning of Steroid Use, 11/30/12. Because

---

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Bailey has been aware of the factual basis for his claim since before his trial, he cannot now claim: (1) that he failed to assert the claim earlier due to governmental interference, or (2) that the facts were previously unknown to him and could not have been ascertained through due diligence. *See* 42 Pa.C.S.A. § 9545(b)(1)(i) and (ii). Accordingly, Bailey has not pled and proven an exception to the time bar, and his petition is untimely. The PCRA court, which reached the merits of Bailey's claim, lacked jurisdiction to do so. However, this Court is not bound by rationale of a trial court and we may affirm the trial court's order on any basis. *Commonwealth v. Wilcox*, 174 A.3d 670, 674 n.4 (Pa. Super. 2017).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/7/2018